UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUIS-DANIEL
ALARCON-CRISOSTOMO, et al.,

    Plaintiffs,                                                   Civil Action No. 17-CV-13425

vs.                                                               HON. BERNARD A. FRIEDMAN

REMARCABLE PAINTING, LLC, et al.,

    Defendants.
_____/

## **OPINION AND ORDER GRANTING PLAINTIFFS'**
## **MOTION FOR DEFAULT JUDGMENT**

This matter is before the Court on plaintiff's motion for default judgment as to both defendants [docket entry 9]. Defendants have not responded. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

This is a Fair Labor Standards Act ("FLSA") case. Plaintiffs allege that they worked as laborers for defendants but were never paid for their overtime work or final three weeks. Defendants allegedly refused to turn over plaintiffs' personnel files to plaintiffs' lawyer. Plaintiffs filed the instant complaint in October 2017. In addition to the FLSA claim, plaintiffs allege several state-law claims: unpaid wages, conversion, unjust enrichment, breach of implied contract, and a violation of the Bullard-Plawecki Employee Right to Know Act.

Defendants were served on November 2, 2017. Defendants have not answered the complaint, and no attorney has appeared on their behalf.[1] On December 13, plaintiffs' secured a clerk's entry of default against both defendants. On January 10, plaintiffs filed the instant motion for a default judgment. A reasonable time has passed with no response.

---

[1] Plaintiffs' attorney asserts that he has interacted with "Defendants' attorney." Pls.' Mot. p. 9.

Fed. R. Civ. P. 55, which governs plaintiffs' motion, states:

**(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

**(b) Entering a Default Judgment.**

\*\*\*

**(2) By the Court.** In all other cases, the party must apply to the court for a default judgment. . . . If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. . . . .

Here, the docket shows that defendants have failed to defend against plaintiffs' complaint. Under Rule 55(b), "the court has discretion to decide whether to enter a judgment by default" or to "hold hearings" first. Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2684 (4th ed. 2016). As defendants have not appeared, the Court need not hold a hearing to decide liability. But because plaintiff's claim is not for a sum certain, the Court will schedule a hearing as to damages.

Accordingly,

IT IS ORDERED that plaintiffs' motion for a default judgment is granted.

IT IS FURTHER ordered that a damages hearing is scheduled for **Tuesday, February 13, 2018 at 1:00 PM**.

Dated: January 19, 2018          s/Bernard A. Friedman
     Detroit, Michigan          BERNARD A. FRIEDMAN
                                                       SENIOR UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 19, 2018.

                                                  s/Johnetta M. Curry-Williams
                                                  Case Manager